UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA O. ADAMS, | ) | No. CV 05-00957-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    Plaintiff's first issue is that the conclusion of the vocational

1 expert ("VE"), as to jobs available to Plaintiff, which the ALJ
2 adopted, is invalid because the hypothetical question posed by the ALJ
3 did not incorporate necessary aspects of Plaintiff's residual
4 functional capacity ("RFC").

5 With regard to Plaintiff's mental limitations, the ALJ found that
6 "she is limited to performing simple repetitive work involving one or
7 two-step instructions in a low stress work environment involving
8 average production and pace." (AR 22.)  Plaintiff does not quibble
9 with this finding, but asserts that it was not properly incorporated
10 into a hypothetical question to the VE.  At the hearing, the
11 hypothetical which was given provided a limitation to "simple task, no
12 more than average production and pace." (AR 47.)  Thus, the specific
13 phrase "low stress environment" was omitted from the hypothetical,
14 which Plaintiff contends renders the hypothetical fatally incomplete.
15 The Court disagrees.

16 The hypothetical question adequately included Plaintiff's
17 limitations to simple tasks involving an average range of production
18 and pace.  The Court finds that omission of the phrase "low stress
19 environment" did not materially affect the nonexertional limitations
20 found by the ALJ, and thus, no error occurred, or, if the omission was
21 erroneous, the error is harmless.

22 Plaintiff's second argument is that the ALJ erroneously ignored
23 certain portions of the opinions of the treating and consultative
24 psychologists, Drs. Nogales and Gill.  Plaintiff references certain
25 "slight" impairments assessed by Dr. Nogales in a Work Function
26 Impairment Form. (AR 298.)  The ALJ, however, did consider Dr.
27 Nogales' "prophylactic restrictions," which recommended that Plaintiff
28 avoid more than the ordinary amounts of emotional stress, working

1 under close deadlines, and detailed work. (AR 295.)  Again, limiting
2 Plaintiff to simple, repetitive tasks at an average pace of production
3 substantially incorporates these nonexertional restrictions.  With
4 regard to Dr. Gill, the ALJ did note his opinion that Plaintiff has a
5 moderate limitation in her ability to respond appropriately to changes
6 in the workplace. (See AR at 21, 415.)  This limitation is also
7 accommodated in the ALJ's RFC finding.  Moreover, Dr. Gill in part
8 based his opinion on Plaintiff's subjective complaints, which the ALJ
9 found to be substantially not credible.  As Plaintiff does not
10 challenge that finding of credibility, the ALJ's rejection of any
11 portions of Dr. Gill's opinion which are based on Plaintiff's
12 complaints is not subject to challenge. (See Morgan v. Commissioner,
13 169 F.3d 595, 602 (9th Cir. 1999.)
14     For the foregoing reasons, the decision of the Commissioner will
15 be affirmed.  Plaintiff's Motion for Summary Judgment is denied, the
16 Commissioner's Cross-Motion for Summary Judgment is granted, and the
17 matter will be dismissed with prejudice.
18     **IT IS SO ORDERED.**

20 DATED:  October 24, 2005

22                                         /s/
                                        VICTOR B. KENTON
23                                      UNITED STATES MAGISTRATE JUDGE